IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-00267-BO-BM

AYESHA Q. SANDERS and          )
AYESHA Q. SANDERS, Jr.,        )
                               )
            Plaintiffs,        )
                               )
      v.                       )          **O R D E R**
                               )
TATA CONSULTANCY               )
SERVICES, TATA                 )
CONSULTANCY SERVICES           )
LIMITED, and TATA AMERICA      )
INTERNATIONAL CORPORATION,     )
                               )
            Defendants.        )

This cause comes before the Court on Ayesha Q. Sanders's ["plaintiff's"] claims against her ex-employer. Defendants filed a Motion to Dismiss for Failure to State a Claim on April 8, 2026 [DE 31]. The motion is now ripe for ruling. For the reasons explained below, defendants' Motion to Dismiss is GRANTED.

## I. BACKGROUND

Plaintiff initiated this action *pro se* in the Superior Court of Wake County by filing a complaint on April 16, 2025 [DE 2-4] at 2. Defendants filed a Notice of Removal in this Court on May 21, 2025, based upon federal question jurisdiction [DE 2].

Plaintiff filed an amended complaint and a Motion to Remand to State Court on June 5, 2025 [DE 9, DE 12]. The amended claims for relief included: (1) wrongful discharge; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; (4)

violation of the North Carolina Equal Employment Practices Act; and (5) "derivative harm to minor child (personal injury)". [DE 9] at 2–3. The complaint alleged the following facts.

Plaintiff Ayesha Q. Sanders's employment was wrongfully terminated by defendants on December 13, 2022. [DE 9] at 2. Plaintiff was "denied fair and equal pay, was subjected to unfair recruitment practices, and was discriminated against based on race, age, and other protected categories." *Id.* Defendants "knew or should have known [plaintiff's] protected class status, and its actions targeted her employment eligibility unfairly through flawed project assignment processes and lack of access to required systems." *Id.* Defendants' actions, "including . . . failure to provide access, failure to assign roles, lack of [human resources] response, and selective hiring and retention practices, caused [plaintiff] and her minor child [Ayesha Q. Sanders, Jr.] significant hardship." *Id.*

Defendants responded to plaintiff's Motion to Remand [DE 19]. On February 3, 2026, Federal Magistrate Judge Brian S. Meyers filed a Memorandum and Recommendation to grant the Motion to Remand [DE 25]. On March 3, 2026, the undersigned adopted the Memorandum and Recommendation [DE 26]. On April 8, 2026, defendants filed a second Notice of Removal, based on diversity jurisdiction [DE 27].

On April 8, 2026, defendants also filed the instant Motion to Dismiss for Failure to State a Claim [DE 31]. The deadline for plaintiff to respond was set for May 4, 2026 [DE 34]. On May 27, 2026, defendants filed a Notice in this Court, [DE 35], providing this Court with notice that on May 11, 2026, plaintiff had untimely filed in state court her Response to defendants' Motion to Dismiss. The Notice included plaintiff's unfiled Response as an attachment [DE 35-2].

2

Because plaintiff failed to file a timely response in the correct court, the Court need not review her state court filing. However, even in consideration of her arguments, for the following reasons, her complaint fails to state a claim.

## II. LEGAL STANDARD

The failure to respond to a motion to dismiss permits a court to grant the motion based upon "the uncontroverted bases asserted therein." *Pueschel v. U.S.*, 369 F.3d 345, 354 (4th Cir. 2004). However, the court must still "review the motions to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 at n.3 (4th Cir. 2014).

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.* at 555, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A document filed *pro se* is to be liberally construed." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

3

## III. DISCUSSION

Defendants argue plaintiff's amended complaint fails to allege facts sufficient to state a plausible claim for relief. The Court addresses each claim in turn.

### A. Wrongful Discharge

Plaintiff first claim is for "wrongful discharge" in violation of North Carolina public policy, specifically the North Carolina Equal Employment Practices Act ("NCEEPA"). *See* N.C. Gen. Stat. § 143-422.2 (2017). In North Carolina, an employer cannot terminate an employee for a reason that violates North Carolina public policy. *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 351–52 (1992); *Coman v. Thomas Mfg. Co., Inc.*, 325 N.C. 172, 175 (1989). While the NCEEPA does not create a private cause of action, "North Carolina courts recognize claims of wrongful termination based on violations of public policy." *Bannerman v. Burlington Indus., Inc.*, 7 F. Supp. 2d 645, 649 (E.D.N.C. 1997). The NCEEPA states: "It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgment on account of race . . . [or] age," or other protected categories. N.C. Gen. Stat. § 143-422.2(a).

Plaintiff has alleged no facts whatsoever in support of her claim that she was deprived of the right or opportunity to hold employment because of her race or her age. In fact, she does not provide her race, or her age, or any related details to support an inference that her employer treated her differently due to those characteristics. Therefore, the complaint does not allege facts sufficient to support a plausible claim for relief on wrongful discharge.

### B. Intentional Infliction of Emotional Distress ("IIED")

To establish a claim for IIED, "a plaintiff must be able to show (1) extreme and outrageous conduct; (2) which is intended to cause and does cause (3) severe emotional distress to another."

4

*Dahlman v. Washington Montessori, Inc.*, 818 F. Supp. 3d 772, 784 (2025) (quoting *May v. City of Durham*, 136 N.C. App. 578, 586 S.E.2d 23 (2000)). In North Carolina, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 493 (1986) *disc. rev. denied*, 317 N.C. 334 (1986). "Whether conduct qualifies as 'extreme and outrageous' is a question of law for the court." *Howard v. College of the Albemarle*, 262 F. Supp. 3d 322, 340 (2017).

Plaintiff does not offer any facts that would tend to support a finding defendants intended to cause her severe emotional distress. Moreover, the conduct at issue in this claim—termination of employment, denial of "fair and equal pay," "unfair recruitment practices," "flawed project assignment processes," "lack of access to required systems," and "lack of [human resources] response"—does not rise to the high threshold of "extreme and outrageous." [DE 9] at 1–2. Indeed, "[u]nder North Carolina law, it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to support an IIED claim." *Howard*, 262 F. Supp. 3d at 340; *see, e.g.*, *Hogan*, 79 N.C. App. at 493 (finding no extreme or outrageous conduct where a supervisor screamed at employees, called them names, interfered with their work, threw menus at them, and refused to grant leave to a pregnant employee for the purposes of going to the hospital). The instant complaint does not allege facts sufficient to support a plausible claim for relief on IIED.

C. Negligent Infliction of Emotional Distress ("NIED")

To state a claim for NIED, a plaintiff must show "three elements under North Carolina law: (1) negligent conduct by defendants (2) where it was reasonably foreseeable that such conduct would cause and did in fact cause (3) severe emotional distress." *Cherry v. Perdue Farms, Inc.*,

5

No. 2:10-CV-23, 2010 WL 5437222 at *5 (E.D.N.C. Dec. 27, 2010) (unpublished) (citing *McAllister v. Ha,* 347 N.C. 638, 645 (1998)).

> Although an allegation of ordinary negligence will suffice, a plaintiff must also allege that severe emotional distress was the foreseeable and proximate result of such negligence in order to state a claim . . . . In this context, the term "severe emotional distress" means any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so.

*McAllister v. Ha,* 347 N.C. at 645.

Here, plaintiff alleged: "Defendant[s'] conduct was extreme and outrageous and was intended to cause, or recklessly disregarded the likelihood of causing, severe emotional distress. [Plaintiff] suffered mental anguish, stress, and loss of well-being as a result." [DE 9] at 2. The complaint does not allege foreseeability or any facts to support a finding of foreseeability. The complaint does not allege facts to support a finding of severe emotional distress. Moreover, "[a]llegations of intentional conduct . . . even when construed liberally on a motion to dismiss, cannot satisfy the negligence element of an NIED claim." *Horne v. Cumberland Cty. Hosp. Sys. Inc.,* 228 N.C. App. 142, 149 (2013) (citing *Sheaffer v. County of Chatham,* 337 F. Supp. 2d 709, 734 (M.D.N.C. 2004).

### D. North Carolina Equal Employment Protection Act ("NCEEPA") N.C.G.S § 143-422.2

Plaintiff alleged: "Defendant[s'] actions were discriminatory in nature and violated N.C. Gen. Stat. § 143-422.2 by treating [her] differently based on race, age, and protected class status." [DE 9] at 2.

"Neither the North Carolina Supreme Court nor the North Carolina Court of Appeals has recognized a private cause of action under the NCEEPA." *Smith v. First Union Nat. Bank,* 202 F.3d 234, 247 (4th Cir. 2000). Although the NCEEPA can serve as the basis for a claim for

wrongful discharge, *Bannerman*, 7 F. Supp. 2d at 649, the Court has already determined that plaintiff's complaint fails to allege a plausible claim for recovery as to that cause of action. Therefore, the Court will also dismiss plaintiff's NCEEPA claim.

E. "Derivative Harm to Minor Child"

Plaintiff's last claim alleges, "As a direct result of [d]efendant's wrongful termination of Ayesha Q. Sanders . . . , a minor child[] was removed from a stable homeschooling environment and suffered educational decline, emotional stress, and required costly tutoring support. The financial and emotional harm to [the minor child] constitutes derivative injury." [DE 9] at 3.

Defendants point out, and the Court agrees, that this claim is not an independent cause of action. *Marshall v. Am. Broad. Companies, Inc.*, 2019 WL 1904671 at *8 (E.D.N.C. 2019) (unpublished) ("Damages standing alone are not causes of action [and] [t]hus, as asserted, they must be dismissed.") (dismissing a claim for "loss of enjoyment of life / conscious pain and suffering"). Therefore, it is appropriate for the Court to dismiss it.

## IV. **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss [DE 31] the amended complaint is GRANTED. The Clerk is DIRECTED to close the case.

SO ORDERED, this _1_ day of June, 2026.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7